IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BILLY RAY MATTHEWS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-458 |
| | § | |
| OFFICER FERGUSON, ET AL. | § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendants Officer James R. Ferguson, Officer Rogelio Franco and Sergeant Joel Caldwell, all of the City of Galveston Police Department. The Motion seeks the summary dismissal of the complaint of Plaintiff, Billy Ray Matthews. The Court, having given this matter careful consideration, now issues this Opinion and Order.

The Court will not recite the well known summary judgment calculus except to say that it will, as it must, consider the disputed facts in the light most favorable to Matthews, the non-movant, United States v. Diebold, Inc., 369 U.S. 654, 655 (1962), but only when "there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. ___, 167 L.Ed. 2d 686, 694 (2007) (Court "should have viewed the facts in light depicted by the videotape.")

**Factual Background**

According to Matthews, Defendant Ferguson, while on patrol in the early morning hours of August 22, 2007, observed Matthews trying to fix a problem with his bicycle. Ferguson stopped his patrol car and approached Matthews. He asked Matthews to identify himself and then told him to place his hands against the patrol car. Matthews complied. Ferguson then checked to see if there were any outstanding warrants for Matthews' arrest. After learning that Matthews was "clear" of

warrants, Ferguson asked Matthews to submit to a search. Matthews refused because on a prior occasion a Galveston Police Officer had planted drugs in his pocket during a search and then charged him with a felony drug "case." Ferguson offered to show Matthews his open hands, but Matthews still refused to consent to a search, offering, instead, to empty his own pockets in front of Ferguson. Ferguson then became angry. As Matthews turned to see what Ferguson might be doing, Ferguson grabbed him and slammed his chest and face against the car. Matthews began screaming for help and was able to wriggle free from Ferguson's grasp. Once free, Matthews began to run away and Ferguson pursued him.

During his flight, Matthews tripped in a hole and fell. Ferguson fell atop Matthews and struck him two to four times with his baton before Matthews was able to get up and run again. With Ferguson in pursuit, Matthews ran into the backyard of a familiar house owned by Thaddeus Grice, a friend's grandfather. Once in the backyard, he climbed the back stairs and laid down to hide in the darkness. Ferguson did not follow Matthews into the backyard so Matthews stayed still.

In a few moments Matthews saw that about six officers had joined Ferguson. As they began to enter the backyard with the aid of flashlights they discovered Matthews hiding on the stairs. Matthews, knowing he was caught, surrendered. He came down the stairs and laid face down on the ground. He was handcuffed behind his back so tightly that his wrists were injured. Then, Officer Franco began to kick and punch Matthews while he was on the ground. When Matthews called out for help, Sergeant Caldwell choked him until he was unable to continue screaming. The officers then got Matthews to his feet and began to slam his head into the wall of the house and the backyard fence. Matthews was then returned to Ferguson's patrol car and taken to jail. During the trip Ferguson bragged about how badly they had beaten Matthews.

On August 24, 2007, Matthews was charged by criminal information with resisting arrest by "using force against" Officer Ferguson. In his deposition testimony Matthews claims that he never offered any resistence whatsoever to an arrest, instead, he claims he simply evaded Ferguson to avoid an unconstitutional beating; however, three days after being charged, Matthews pleaded *nolo contendre* to resisting arrest, was found guilty and was sentenced to serve fifteen days in jail. On September 1, 2007, Matthews was released from custody. Matthews did not appeal his conviction and it remains final.

Of course, the Defendants' versions of the facts differ in almost every detail from those alleged by Matthews. Indeed, some of Matthews' conduct, which belies a portion of his allegations, was captured on Ferguson's video tape and shows his resistance prior to his flight and after his arrest. Cf. Scott v. Harris, *supra.* Nevertheless, for summary judgment purposes, the Court will accept the remainder of Matthews' allegations as set forth above as true.

On February 29, 2007, Matthews filed the instant lawsuit and requested permission to proceed in forma pauperis. On October 18, 2007, this Court held a hearing on his Application. During that Hearing, Matthews disclosed that he had been convicted of resisting arrest. After Matthews' disclosure, this Court explained how the Supreme Court decision in Heck v. Humphrey[1], posed a significant, if not fatal, impediment to his use of force claim. Matthews was given a copy of the decision; he was asked to study it and then inform the Court whether he still wished to pursue this excessive force claim. On November 19, 2007, Matthews notified the Court that he desired to go forward. The Court then granted Matthews' Application and ordered service of process to issue. Ultimately, Defendants Ferguson, Franco and Caldwell answered Matthews' complaint. The

---

[1] 512 U.S. 477 (1994)

Defendants have now moved for summary judgment on the basis of the Heck bar and their entitlement to qualified immunity.

**Analysis**

The Defendants have asserted a qualified immunity defense; however, the threshold question required by the qualified immunity analysis, as first established by the Supreme Court in Seigert v. Gilley, 500 U.S. 226, 232 (1991), is whether a Plaintiff can even state a claim for the violation of a constitutional right. Under the circumstances of this case, Matthews cannot do so.

This Court remains as convinced today as it was on October 18, 2007, that Matthews' cause of action is barred by Heck and its progeny. Under Heck, a civil action for damages which, by its very nature, calls into question the validity of an inconsistent final criminal conviction arising from the same core facts, is barred until such time as the conviction is vacated. While recognizing that an excessive force claim does not always challenge a Plaintiff's conviction, see e.g. Nelson v. Jashurek, 109 F.3d 142, 145-46 (3$^d$ Cir. 1997), the Fifth Circuit has recognized that certain convictions will prevent a Plaintiff from bringing an excessive force claim, among them, aggravated assault on a police officer, Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000), and, as in Matthews' case, resisting arrest. Arnold v. Town of Slaughter, La., 100 Fed. Appx. 321, 324-25 (5th Cir.) cert. denied 2004 LEXIS 7269 (2004)    In Arnold, the Plaintiff claimed he did nothing wrong, but was viciously attacked for no reason; however, he was later convicted of resisting arrest for "initiating a physical confrontation" with the arresting officer. The Fifth Circuit affirmed the dismissal of Arnold's excessive force complaint as barred by Heck. In this case, Matthews, likewise, claims he did nothing wrong, but was viciously attacked by the Defendants; however, Matthews was later convicted of resisting arrest "by using force against" Officer Ferguson.

Matthews' suit squarely challenges the factual basis underlying his conviction for resisting arrest: if Matthews were allowed to prevail, he will establish that his criminal conviction lacks any basis. Therefore, Matthews' claim challenges the validity of his conviction and is barred by Heck.

Since Heck precludes Matthews from establishing the threshold requirement of a violation of a constitutional right, the Court need not address the Defendants' entitlement to qualified immunity.

It is, therefore, the **ORDER** of this Court that the "Defendants' Motion for Summary Judgment" (Instrument no. 29) is **GRANTED**, insofar as it relies on Heck, and the complaint of Plaintiff, Billy Ray Matthews, is **DISMISSED in its entirety with prejudice**.

**DONE** at Houston, Texas, this      24th      day of November, 2008.

_____
John R. Froeschner
United States Magistrate Judge